Ronald D. Mercaldo (State Bar No. 002753)
Marco B. Mercaldo (State Bar No. 020241)
Linda P. McKenzie (State Bar No. 023734)
**MERCALDO LAW FIRM**
1853 North Kolb Road
Tucson, AZ 85715
Tel (520) 624-1400
Fax (520) 624-1955
ron@mercaldo.com
marco@mercaldo.com
linda@mercaldo.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Claudia Gil, a single woman, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **COMPLAINT** |
| United States of America, a body politic, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Claudia Gil, by and through undersigned counsel and for her claims against the

Defendants, states and alleges as follows:

1.     This action arises under the Federal Tort Claims Act, 28 USC §§ 2671 et seq.

This Court has jurisdiction pursuant to 28 USC § 1346(b).

2.     Plaintiff Claudia Gil is a resident of Tucson, Arizona. The acts and omissions

complained of herein occurred at or near Tucson, Arizona, in the District of Arizona.

3.     Plaintiff brings this cause of action for her injuries, pain, and suffering, and other

economic and non-economic damages sustained by Plaintiff which resulted from the acts and

omissions of Defendants and their agents and employees.

4.     Defendant United States of America, owns, operates, and/or otherwise controls a

1    licensed health care facility known as El Rio Community Health Center a/k/a El Rio Birth and

2    Women's Center ("El Rio") located at 5979 E. Grant Rd. #107 in Tucson, Arizona.

3         5.    Defendant United States of America, in operating El Rio, holds itself out as

4    competent and qualified in providing and administering health care to the public and to Plaintiff

5    and willing to comply with the appropriate standard of care for health care providers in their

6    respective fields.

7         6.    El Rio, operated by Defendant United States of America, employs, among others,

8    doctors, nurses, certified nurse midwives, nurse practitioners, physician assistants, and other

9    health center personnel over which it exercises exclusive control and supervision, with the right

10   to employ and discharge such employees.

11        7.    Venue and jurisdiction are proper in this Court.

12        8.    Plaintiff alleges that Defendants were negligent in their diagnosis and/or care

13   and/or treatment of Claudia Gil and that such negligence caused damages to Plaintiff.

14        9.    On or about May 15, 2019, and continuing thereafter, Claudia Gil came under the

15   care and treatment of El Rio Birth & Women's Center employees and staff members for care

16   related to her pregnancy and childbirth.

17        10.   On November 23, 2019, Claudia Gil was admitted to TMC for management of

18   early labor.

19        11.   On November 24, 2019, Ms. Gil's cervical exam was 6/90/-1, and she was

20   transferred from the Midwifery Center to Labor and Delivery for augmentation of labor. She

21   remained under the care of the midwifery team and received pitocin augmentation.

22        12.   At 2200 on November 24, 2019, Ms. Gil's cervical exam hand not changed for >6

23   hours despite ruptured membranes and she was transferred to the OB MD Hospitalist team and

24   recommended to proceed with delivery via primary low transverse cesarean section, to which

25   she gave her informed consent.

13.     Ms. Gil underwent a primary cesarean delivery of a live male infant at 22:44 with apgars of 8 & 8 and weight of 3620g. Annette M. Hernandez-Parkhurst, M.D. performed the procedure.

14.     In the early morning hours of November 25, 2019, Ms. Gil was noted to become hypotensive and alternatingly tachycardic and bradycardic. Rapid response was called x 2. At the time of the 2nd rapid response, given vital sign abnormalities in addition to abdominal distension and pain with rebound, decision was made to return to operating room for exploratory laparotomy.

15.     During exploratory laparotomy, significant hemoperitoneum was encountered in addition to expanding retroperitoneal hematoma and posterior uterine rupture. Due to inability to control bleeding with conservative measures, total abdominal hysterectomy with bilateral salpingectomy was performed.

16.      Dr. Hernandez-Parkurst breached the standard of care during the cesarean section when she lacerated a uterine artery and failed to recognize and control uterine bleeding and achieve hemostasis.

17.     As a direct and proximate result of the negligence, carelessness and failure of the defendants to exercise a reasonable degree of professional skill, knowledge and care, Claudia Gil has suffered serious bodily injuries which are permanent.

18.     Plaintiff served a Form 95 upon US Department of Health and Human Services on or about September 21, 2020. The US Department of Health and Human denied Plaintiff's administrative tort claim on April 26, 2021. This action is timely and within the statute of limitations.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, in an amount which will compensate her for her injuries/damages sustained herein, for the costs of this action, and for such other and further relief as the Court deems just and reasonable.

1

DATED this 3rd day of May 2021.

2

3                                              **MERCALDO LAW FIRM**

4                                              /s/ Marco B. Mercaldo
                                               Ronald D. Mercaldo
5                                              Marco B. Mercaldo
                                               Linda P. McKenzie
6                                              *Attorneys for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25